UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-CV-08926-CAS (MARx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | ANTHONY D. NATTY V. ADMINISTRATOR OF THRIFT SAVING PLANS AND OR LEGAL DEPARTMENT (DOES) | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                          Jennifer Jacobs, AUSA

**Proceedings:**      ZOOM HEARING RE: MOTION TO DISMISS OR, IN THE
ALTERATIVE, FOR SUMMARY JUDGMENT (Dkt. 11, filed on
MARCH 16, 2023)

## I.    INTRODUCTION

On December 9, 2022, plaintiff Anthony D. Natty filed this action against the Thrift Savings Plans Administrator and/or Legal Department (DOES). Dkt. 1. Thrift Savings Plans ("TSP") is one part of the retirement system created for federal employees by the Federal Employees' Retirement System Act of 1986, Pub. L. No. 99-335, 100 Stat. 514 ("FERSA"). Dkt. 11 at 10. TSP is administered by a federal agency, the Federal Retirement Thrift Investment Board. Id. Plaintiff Natty, who is acting *pro se*, alleges that TSP negligently disbursed the entirety of the savings in his TSP account to Natty's ex-wife, Mia Lollis, pursuant to an erroneous qualified domestic relations order. See generally dkt. 1. His complaint purports to bring claims for negligence under (1) California Civil Code § 1714 and (2) the Federal Tort Claims Act, Pub. L. 79-601. Id. ¶ 5. Plaintiff Natty requests damages in the amount of $160,249.00. Id. ¶ 16. He does not seek any other relief. Id.

On March 16, 2023, defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Dkt. 11. On March 22, 2023, plaintiff filed an opposition to defendant's motion. Dkt. 12. On April 10, 2023, defendant filed a reply in support of its motion. Dkt. 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-CV-08926-CAS (MARx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | ANTHONY D. NATTY V. ADMINISTRATOR OF THRIFT SAVING PLANS AND OR LEGAL DEPARTMENT (DOES) | | |

On April 19, 2023, the Court issued an order finding it appropriate to convert defendant's motion to dismiss to a motion for summary judgment. Dkt. 15. In order to ensure that the parties had the opportunity to fully brief the motion for summary judgment, the Court permitted the parties to each file a supplemental brief and continued the hearing on defendant's motion. Id. On May 26, 2023, plaintiff filed a supplemental brief. Dkts. 17, 18.

On June 5, 2023, the Court held a hearing on defendant's motion. Prior to the hearing, the Court distributed to the parties a tentative granting defendant's motion for summary judgment. Plaintiff did not appear at the hearing, and the Court construes his failure to appear as a non-opposition to the granting of defendant's motion. See L.R. 7-14. Defendant's motion for summary judgment is presently before the Court.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     BACKGROUND

Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.

Plaintiff, who is a retired federal employee, has a retirement account with TSP. Defendant's Statement of Uncontroverted Facts ("SUF"), dkt. 11-1 ¶ 1. In 1991, plaintiff married Mia Lollis, and they separated in 2010. Id. ¶ 2. On September 30, 2013, a final judgment of dissolution of their marriage was filed in the Superior Court of California. Id. ¶ 3. This judgment stated that Lollis would receive fifty percent of the value of plaintiff's TSP account for the period 2001 to 2010. Id. ¶ 4. On October 21, 2019, the Los Angeles Superior Court issued a qualified domestic relations order ("QDRO") stating that Lollis was entitled to receive fifty percent of plaintiff's TSP account balance as of April 30, 2010, adjusted for earnings and losses as of the date of distribution. Id. ¶ 5. Unlike the September 30, 2013 judgment, the QDRO did not exclude the time period of 1991 to 2000. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-CV-08926-CAS (MARx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | ANTHONY D. NATTY V. ADMINISTRATOR OF THRIFT SAVING PLANS AND OR LEGAL DEPARTMENT (DOES) | | |

On October 24, 2019, TSP received the QDRO, and, on November 25, 2019, TSP sent a letter to plaintiff and Lollis stating that TSP would distribute a portion of plaintiff's account balance to Lollis pursuant to the QDRO. Id. ¶¶ 6, 7. Specifically, the letter stated as follows:

> The court order awards $36,718.50 from your TSP account to the payee. The order awards 50 percent of your account as of April 30, 2010. See page 2 of court order. As of that date, your account balance was $73,437.00, which includes outstanding loan balance(s) totaling $11,140.64, 50 percent of which is $36,718.50. The payee's entitlement will be adjusted for earnings and losses based on the value of the share price two business days prior to payment.

Id. ¶ 7. The letter further stated that payment to Lollis would be made on January 27, 2020. Id. ¶ 8. Following receipt of the TSP letter, plaintiff faxed to the TSP Legal Processing Unit a letter dated December 15, 2019, requesting that TSP put a hold on the distribution to Lollis. Id. ¶¶ 9, 10. Plaintiff specifically stated in the letter that a hold was warranted "since Mia Lollis is not my wife and she is married to another person and by California law, you cannot be married to two people at the same time." Id. ¶ 10. He explained that he was "in the process of getting a Court Order to nullify the Court Order [Lollis] submitted." Id. The December 15, 2019 letter did not mention any error regarding the manner in which the amount to be distributed to Lollis was calculated. Id. ¶ 11.

On December 16, 2019, TSP sent a letter to plaintiff and Lollis stating that TSP had received plaintiff's December 15, 2019 letter disputing the scheduled court-ordered payment. Id. ¶ 12. The letter stated that, in light of TSP's receipt of plaintiff's letter, "TSP will hold the payment until the originally scheduled payment date (January 27, 2020)" and "[i]f a valid new or amended court order, motion, or restraining order has not been received by the scheduled payment date, the TSP will disburse the payment, which cannot be reversed." Id.

On January 18, 2020, plaintiff faxed a Notice of Hearing that he filed one day earlier with the Los Angeles Superior Court. Id. ¶ 17. The fax included a handwritten note asking TSP to "hold [d]isbursement until issue is resolved by the court." Id. The Notice of Hearing requested a hearing for March 5, 2020, to modify an order issued on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:22-CV-08926-CAS (MARx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | ANTHONY D. NATTY V. ADMINISTRATOR OF THRIFT SAVING PLANS AND OR LEGAL DEPARTMENT (DOES) | | |

September 12, 2019 "to reflect the entire Divorce Judgment issues on 9/30/2013" and to "include money paid by petitioner after the divorce that was respondent['s] responsibility and all overages." Id. ¶ 13. The Notice of Hearing additionally requested an order requiring the County Recorder to release the marriage certificates on record for Lollis. Id. The Statement of Facts section of the Notice of Hearing stated that plaintiff would "demonstrate that respondent owe[s] him twice as much as she is requesting from Thrift Saving Plan;" however, it did not specifically mention the QDRO. Id. ¶¶ 14, 15.

On January 21, 2020, following receipt of plaintiff's fax, TSP sent a letter to plaintiff and Lollis, stating in relevant part as follows:

> As a result [of receiving the Notice of Hearing], the scheduled court order payment was placed on hold. Upon notification that the underlying court order has been appealed, the TSP will hold in abeyance the processing of a court-ordered payment until resolution of the appeal. The account will remain frozen for loans and withdrawals and no payment will be made until TSP receives a new or amended court order or other document of the court detailing the resolution of the court order matter.

Id. ¶ 18.

The hearing date for the Notice of Hearing was continued to September 24, 2020, due to the COVID-19 pandemic. Id. ¶ 19. Plaintiff verbally informed TSP of the change in hearing date, but plaintiff did not provide copies of notices of continuance to TSP. Id. ¶ 20. On May 19, 2020, TSP sent a letter to plaintiff requesting the status of the Notice of Hearing. Id. ¶ 21. The letter further stated that "[t]he account will remain frozen for loans and withdrawals and no payment will be made until TSP receives a new or amended court order or other document of the court detailing the resolution of the court order matter." Id.

On August 12, 2020, attorney Douglas McClintock, who had prepared the QDRO, faxed a memo to TSP Legal Counsel requesting that TSP release the funds to Lollis. Id. ¶ 22. The memo stated that there was no legal basis for TSP to continue to withhold the funds to which Lollis was entitled and stating that "Natty keeps making frivolous peremptory challenges to the Judge and they keep being denied." Id. The memo further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-CV-08926-CAS (MARx) | Date | June 5, 2023 |
|----------|--------------------------|------|--------------|
| Title | ANTHONY D. NATTY V. ADMINISTRATOR OF THRIFT SAVING PLANS AND OR LEGAL DEPARTMENT (DOES) | | |

stated that "[f]ederal law requires the TSP to honor valid QDROs signed by state family law courts with proper jurisdiction. You have such an order and you must follow it." Id. On August 19, 2020, TSP disbursed the balance of plaintiff's TSP account, in the amount of $63,049.75, to Lollis. Id. ¶ 24. TSP computed the amount awarded to Lollis in the QDRO in accordance with applicable federal regulations. Id. ¶ 25. It specifically found that, when adjusted for earnings and losses as of the time of distribution as required by the QDRO, the amount to which Lollis was entitled was $91,276.24. Id. ¶ 26. Because the balance in plaintiff's TSP account was less than $91,276.24, TSP disbursed to Lollis the entire balance in his TSP account, which amounted to $63,049.75. Id. ¶ 27. On the date of the disbursement, TSP sent a letter to plaintiff notifying him of the payment made to Lollis. Id. ¶ 28.

On September 24, 2020, the Superior Court ordered that the QDRO be amended to reflect that Ms. Lollis "is to receive fifty percent of the value of the TSP account from 2001-2010 as reflected in the Judgment." Id. ¶ 29. The September 24, 2020 minute order does not mention TSP's distribution to Lollis. Id. ¶ 30. On April 7, 2021, the Superior Court filed its "Findings and Order After Hearing" ("Findings and Order"), in which it found that the QDRO erroneously stated that Lollis was entitled to the TSP value from 1991 until 2010 and that the correct time frame was 2001 to 2010. Id. ¶¶ 33, 34. The Superior Court further found that TSP's disbursement to Lollis was made pursuant to the erroneous QDRO and that the amount actually owed from TSP to Lollis was $22,800. Id. ¶¶ 35, 37. The Findings and Order noted that the QDRO stated that Lollis was to return any amount inadvertently paid to her and found that there was no evidence that she had done so. Id. ¶ 36. Accordingly, the Findings and Order concluded that Lollis owes plaintiff the funds she was overpaid by TSP, which amount to $40,249.75. Id. ¶ 38.

In its Findings and Order, the Superior Court additionally found that plaintiff owed Lollis half of plaintiff's Federal Employee Retirement System ("FERS") plan, which plaintiff had omitted on his community property declaration. Id. ¶ 39. Because Lollis owed plaintiff the amount she was overpaid by TSP, the Superior Court found that the amount of the FERS plan that plaintiff owes Lollis is offset by the TSP overpayment plus Lollis' share of another debt. Id. ¶ 40. The Findings and Order instructed Lollis to re-submit a QDRO for any remaining amount owed to her for the FERS after accounting for these specified offsets. Id. ¶ 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-CV-08926-CAS (MARx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | ANTHONY D. NATTY V. ADMINISTRATOR OF THRIFT SAVING PLANS AND OR LEGAL DEPARTMENT (DOES) | | |

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:22-CV-08926-CAS (MARx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | ANTHONY D. NATTY V. ADMINISTRATOR OF THRIFT SAVING PLANS AND OR LEGAL DEPARTMENT (DOES) | | |

## IV.    DISCUSSION

### A.    Negligence Claim

Defendant contends that plaintiff's negligence claim for money damages is barred by FERSA, 5 U.S.C. § 8477(e)(5). Section 8477(e)(5) states that "[a]ny relief awarded against a Member of the Board or the Executive Director of the Board in a civil action . . . may not include any monetary damages or any other recovery of money." 5 U.S.C. § 8477(e)(5). Thus, while TSP beneficiaries may sue to recover benefits or to clarify rights to benefits under FERSA, the statute "contains no explicit waiver of the government's sovereign immunity to money damages, and, in fact, money damages awards are expressly prohibited." Garcia v. United States, 996 F. Supp. 39, 42 (D.D.C. 1998). Because plaintiff's negligence claim is a claim for money damages against a TSP fiduciary, it is barred by § 8477(e)(5). Accordingly, the Court grants defendant's motion for summary judgment as to plaintiff's negligence claim. See Garcia, 996 F. Supp. at 42.

### B.    Federal Tort Claims Act Claim

In light of the bar in FERSA against claims for money damages, the Court construes plaintiff's second claim as being brought against the United States under the Federal Tort Claims Act. Such claims based on the allegedly tortious conduct of a TSP fiduciary are permitted pursuant to 5 U.S.C. § 8477(e)(3). Plaintiff's negligence claim appears to assert that defendant failed to exercise the requisite care under California Civil Code § 1714 when it disbursed the funds to Lollis prior to the finalization of issues in their divorce proceedings. Dkt. 12 at 2.

Defendant contends that it is entitled to summary judgment on plaintiff's second claim because the undisputed facts show that defendant complied with governing regulations in processing the QDRO. Dkt. 11 at 14-15. Section 8467(a) provides that TSP must honor a court order, stating as follows:

Payments . . . which would otherwise be made to an employee, Member, or annuitant . . . shall be paid (in whole or in part) by the Office or the Executive Director, as the case may be, to another person if and to the extent expressly provided for in the terms of [] any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-CV-08926-CAS (MARx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | ANTHONY D. NATTY V. ADMINISTRATOR OF THRIFT SAVING PLANS AND OR LEGAL DEPARTMENT (DOES) | | |

5 U.S.C. § 8467(a). Under FERSA implementing regulations, TSP will hold in abeyance the processing of a payment pursuant to such a court decree "if the TSP is notified in writing that the underlying court order has been appealed, and that the effect of the filing of the appeal is to stay the enforceability of the order." 5 C.F.R. § 1653.3(i). In order for TSP to hold the payment, certain conditions must be satisfied. Specifically, the regulations state as follows:

> (1) In the notification, the TSP must be provided with proper documentation of the appeal and citations to legal authority, which address the effect of the appeal on the enforceability of the underlying court order. . . .

> (ii) In the absence of proper documentation and citations to legal authority, the TSP will presume that the provisions relating to the TSP in the court order remain valid and will proceed with the payment process.

5 C.F.R. § 1653.3(i).

According to defendant, because plaintiff did not appeal the QDRO, provide proper documentation of any appeal, or include citations to legal authority addressing the effect of the appeal on the enforceability of the QDRO, defendant was required to "presume that the provisions . . . in the [QDRO] remain[ed] valid" and to disburse the payment to Lollis accordingly.

It appears to be undisputed that the Notice of Hearing that plaintiff sent to defendant was not documentation of an appeal of the QDRO. Indeed, the Notice of Hearing did not reference the QDRO or its validity. Similarly, the December 15, 2019 letter, while it stated that plaintiff was "in the process of getting a Court Order to nullify the Court Order [Lollis] submitted," did not provide documentation of an actual appeal of the QDRO. Moreover, it is undisputed that plaintiff did not provide citations to legal authority stating the effect of any appeal on the validity of the QDRO. Under these circumstances, defendant was bound by FERSA and its implementing regulations to pay Lollis the amount expressly provided for in the QDRO. See 5 U.S.C. § 8467(a). If anything, TSP erred when it held the payment in abeyance for several months without receiving the proper documentation required by 5 C.F.R. § 1653.3(i). But plaintiff cannot show that defendant acted negligently by complying with the governing statute and regulations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-CV-08926-CAS (MARx) | | Date | June 5, 2023 |
|---|---|---|---|---|
| Title | ANTHONY D. NATTY V. ADMINISTRATOR OF THRIFT SAVING PLANS AND OR LEGAL DEPARTMENT (DOES) | | | |

### C.    Effect of FERS Offset

Even if plaintiff could show that defendant acted improperly by overpaying Lollis, the undisputed facts indicate that he has already received a full monetary remedy addressing this overpayment.  In the Superior Court's April 7, 2021 Findings and Order concluding that Lollis had been overpaid, the court stated that "[Lollis] remains entitled to her 50% of the TSP from 2001-2010, and as discussed below the vast majority of offsetting debts alleged by [plaintiff] do not require her to repay additional sums in this dissolution case." Dkt. 1 at 41.  Specifically, the court found that Lollis had a right to 50% of plaintiff's FERS account accumulated from 1991-2010 and concluded that "[a]ny amounts owed to [Lollis] under [plaintiff's] FERS plan are to be used first to offset any remaining overpayment [Lollis] received from the TSP." Id.  The court further directed Lollis to re-submit a QDRO reflecting any remaining amount owed to her from the FERS plan after it was offset by her overpayment of the TSP account. Id.

Based on these undisputed facts, it appears to the Court that plaintiff has not suffered any damage and that payment of money damages to him would result in double recovery.  Because Lollis received a greater share of plaintiff's TSP account than that to which she was entitled, the amount of plaintiff's FERS plan that he must pay to Lollis was reduced accordingly.  The April 7, 2021 Findings and Order, in directing Lollis to re-submit a QDRO to recover outstanding amounts, suggests that the amount owed to Lollis from the FERS plan exceeds the amount she was overpaid from the TSP account.  But even if it does not, the Findings and Order has provided plaintiff with a remedy by finding Lollis liable for any amounts not accounted for by the offset.  Plaintiff has not set forth any evidence supporting a finding of damages, and, accordingly, summary judgment should be granted in defendant's favor on this ground as well.  Cal. Jur. 3d, Damages § 228 ("The burden of proof is on the party claiming damages to prove that he or she has suffered damage and to prove the elements of those damages with reasonable certainty.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-CV-08926-CAS (MARx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | ANTHONY D. NATTY V. ADMINISTRATOR OF THRIFT SAVING PLANS AND OR LEGAL DEPARTMENT (DOES) | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion for summary judgment **WITH PREJUDICE**.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |